# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACARRA N. MYLES, | Case No. 1:25-cv-00437-SKO |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| FRANK BISIGNANO, Commissioner of Social Security, | (Doc. 1) |
| Defendant. | |
| _____/ | |

## I.   INTRODUCTION

Plaintiff Lacarra N. Myles ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

## II.   BACKGROUND

Plaintiff was born in 1983. (Administrative Record ("AR") 367.) She was placed in special education classes and ultimately earned a high school diploma. (AR 694.) Plaintiff filed an application for supplemental security income, alleging she became disabled on February 1, 2021, due to blindness or low vision, breathing problems, a past procedure in which 4 inches of her stomach was removed, chest pain, arthritis, major migraines, varicose veins, bipolar, anxiety, and depression. (AR 227.)

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 9.)

**A.      Relevant Evidence of Record[2]**

On May 28, 2021, W. Fahnbulleh, PsyD completed a psychological consultative exam. (*See* AR 693–89.) Based on her exam, Dr. Fahnbulleh listed her assessment of Plaintiff's "Work Related Abilities." (AR 698.) Included in that section, Dr. Fahnbulleh found that Plaintiff was "moderately limited" in her ability to "maintain regular attendance" and "ability to complete a normal workday or workweek without interruptions resulting from the [Plaintiff's] psychiatric condition." (*Id.*)

**B.      Administrative Proceedings**

The Commissioner denied Plaintiff's application for benefits initially on August 3, 2021, and again on reconsideration on April 10, 2022. (AR 183–224.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 283–85.) The ALJ conducted a hearing on November 1, 2023. (AR 102–32.) Plaintiff appeared at the hearing with her attorney and testified as to her alleged disabling conditions and work history. (AR 104–27.) A Vocational Expert ("VE") also testified at the hearing. (AR 127–31.) In relevant part, the VE testified that needing three unscheduled ten-minute breaks in addition to normal breaks and / or absenteeism of more than one day per month would be preclusive of all competitive work at all exertional levels. (AR 130.)

**C.      The ALJ's Decision**

In a decision dated March 27, 2024, the ALJ found that Plaintiff was not disabled. (AR 22–37.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520. (AR 25–37.) The ALJ decided that Plaintiff had not engaged in substantial gainful activity since February 17, 2021. (AR 25.) At step two, the ALJ found Plaintiff's following impairments to be severe: migraine headaches, a history of multiple surgeries due to salmonella poisoning, back pain, wrist pain, osteoarthritis, a history of stent placement in lung, varicose veins, occlusion and stenosis of the carotid artery, major depressive disorder, bipolar disorder, anxiety disorder, post-traumatic stress disorder (PTSD), borderline intellectual functioning vs. intellectual disability, and a learning disorder. (AR 26–27.) The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R.

---

[2] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

2

Part 404, Subpart P, Appendix 1 ("the Listings") (step three).  (AR 27–29.)

The ALJ assessed Plaintiff's residual functional capacity (RFC)[3] and applied the assessment at steps four and five.  *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.").  The ALJ determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR 416.967(b) subject to the following limitations: (1) no climbing of ladders, ropers or scaffolds, (2) occasional climbing of ramps or stairs, (3) occasional stooping, balancing, crouching, kneeling or crawling, (4) no concentrated exposure to extreme cold, wetness, or dangerous hazards such as unprotected heights or dangerous machinery, (5) the claimant can understand, remember and carry out simple instructions, and (6) can adapt to occasional changes in a routine work environment.

(AR 29–30; *see also id.* at 29–35.)  Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause some of the alleged symptoms," the ALJ rejected Plaintiff's subjective testimony as to the "the intensity, persistence and limiting effects of these symptoms" "not entirely consistent with the medical evidence and other evidence in the record."  (AR 31.)

The ALJ then determined that Plaintiff could not perform her past relevant work (step four) but that, given her RFC, she could perform a significant number of jobs in the national economy (step five).  (AR 35–37.)  In making this determination, the ALJ relied on the VE's answers to a series of hypothetical questions the ALJ posed to the VE during the hearing.  (AR 127–130.)  The VE testified that a person with the RFC specified above could perform the job of mail room clerk, office helper, or merchandise marker.  (AR 128.)  The ALJ ultimately concluded Plaintiff was not disabled at any time after February 17, 2021, the alleged onset date.  (AR 40.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on

---

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule.  TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996).  The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments.  *Id.*  "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'"  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

3

October 30, 2024.  (AR 6–11.)  Therefore, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. § 404.981.

### III. LEGAL STANDARD

**A. Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if [they are] unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520).  The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).

4

"However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.     Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he

5

burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

### IV.  DISCUSSION

Plaintiff asserts two claims of error: the ALJ erred in (1) partially crediting consultative examiner W. Fahnbulleh, PsyD without explaining why they did not account for Dr. Fahnbulleh's opinion that Plaintiff was "moderately limited" as to her ability to maintain regular attendance and to complete a normal workday or workweek in the assessed RFC, and (2) not properly evaluating the persuasiveness of Dr. Fahnbulleh's opinion. (*See* Doc. 14 at 6–14.) The Commissioner counters that the ALJ appropriately found Dr. Fahnbulleh's opinion partially persuasive and, in doing so, the ALJ properly considered the supportability and consistency of Dr. Fahnbulleh's opinion. (Doc. 16 at 11–12 (citing AR 35).)  The Commissioner also contends that Dr. Fahnbulleh's opinions that Plaintiff was "moderately limited" as to maintaining attendance and completing a normal workday and workweek were incorporated into the RFC by way of the limitation to simple work with occasional changes in a routine work environment." (Doc. 16 at 6; *see also id.* at 6–9.)

The Court agrees with Plaintiff that because the ALJ found Dr. Fahnbulleh's opinion at least partially persuasive, either (1) Dr. Fahnbulleh's opinion that Plaintiff was moderate limited in her ability to maintain regular attendance and complete a normal workday and workweek should have been incorporated into the RFC, or (2) the ALJ should have explained why they were rejecting those parts of Dr. Fahnbulleh's opinion. (*See* Doc. 14 at 11–12.)

Dr. Fahnbulleh examined Plaintiff in May of 2021 and found that Plaintiff was "moderately limited" in her ability to "maintain[] regular attendance" and in her "ability to complete a normal workday or workweek without interruptions resulting from the [Plaintiff's] psychiatric condition." (AR 693, 698). In evaluating that medical evidence, the ALJ found Dr. Fahnbulleh's opinions were "partially persuasive"—more specifically finding that while Dr. Fahnbulleh "support[ed] her opinion with a discussion of her examination findings" and that "her opinion is partially consistent with the record as a whole," her opinion's persuasiveness was limited because "her opinion is not stated in vocationally relevant terms, and the greater record, including [Plaintiff's] borderline intellectual functioning is more consistent with a limitation to unskilled work." (AR 35). As set

forth below, this reasoning is flawed.

First, the ALJ stated that Dr. Fahnbulleh's opinion was "partially persuasive." (*Id.*)  Yet, from the ALJ's vague analysis, it is wholly unclear which aspects of Dr. Fahnbulleh's opinion the ALJ found persuasive and which aspects the ALJ rejected.  As relevant to the litigation at bar, in reviewing the ALJ's decision, it is not clear if, and, if so, on what basis, the ALJ rejected Dr. Fahnbulleh's opinion that Plaintiff had moderate limitations as to maintaining attendance and completing a normal workday and work week.  This is in error.  ALJ's are obligated to "provide 'an "adequate discussion"' of [their] finding as to a medical opinion's persuasiveness," in order for "the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence." *Ward v. O'Malley*, No. 2:22-CV-1771 DB, 2024 WL 922897, at *4 (E.D. Cal. Mar. 1, 2024) (quoting *Cooley v. Commissioner of Social Security*, 587 F.Supp.3d 489, 499 (S.D. Miss. 2021)); *David L. v. Kijakazi*, No. EDCV 20-1869-KK, 2021 U.S. Dist. LEXIS 184751, at *16 (C.D. Cal. Sep. 27, 2021) ("[T]he ALJ was required to either include the limitations regarding attendance and the completion of a normal workday and workweek in Plaintiff's RFC assessment or provide legally sufficient reasons for rejecting them.").  When, as here, an ALJ does not provide an "adequate discussion" of their assessment as to the persuasiveness of an opinion, the court is unable to engage in "meaningful review," and is instead left to "merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof." *Id.*  Such speculation cannot form the basis for finding an ALJ's decision is supported by substantial evidence.

Second, even assuming the ALJ rejected the persuasiveness of Dr. Fahnbulleh's opinion as to Plaintiff's moderate limitations in maintaining attendance and completing a normal workday, the ALJ's stated reasons for finding Dr. Fahnbulleh's opinion only *partially* persuasive are not supported by substantial evidence.  The two reasons the ALJ gave as to why Dr. Fahnbulleh's opinion was not wholly persuasive are (1) Dr. Fahnbulleh's opinion was "not stated in vocationally relevant terms," and (2) "the greater record, including the claimant's borderline intellectual functioning[,] is more consistent with a limitation to unskilled work." (AR 35.)  The Court considers each in turn.

As to the ALJ's finding that Dr. Fahnbulleh did not phrase her opinion in "vocationally relevant terms," the Court finds that reasoning is flawed.  Limitations to a person's ability to maintain

7

1 regular attendance and to attend work and complete a regular workday and workweek are
2 vocationally relevant. And insofar as the ALJ meant that the use of the term "moderate" in reference
3 to Plaintiff's limitations was not credible because it failed to provide an assessment of concrete
4 limitations, the ALJ also erred. "Moderate" is an ordinary, familiar word that is regularly used by
5 "[c]ourts, physicians, vocational experts . . . and other ALJs . . . to describe and assess claimants'
6 limitations without any difficulty." *King v. Comm'r of Soc. Sec. Admin.*, 475 F. App'x 209, 210 (9th
7 Cir. 2012) (Reinhardt, J., dissenting); *see also Vincent L.P. v. Saul*, 2021 WL 2209674, at *4 (C.D.
8 Cal. May 31, 2021) (recognizing that doctor's use of term "moderate" was not "vague" since terms
9 like "mild," "moderate," "marked," and "severe" are commonly used to describe social security
10 claimant's limitations); *Lisardo S. v. Berryhill*, 2019 WL 773686, at *6 (C.D. Cal. Feb. 20, 2019)
11 (ALJ erred in discounting examining physician's opinion by finding use of the term "moderate" was
12 "vague and unclear" because it was not defined and did not specify functional abilities) (*citing, e.g.*,
13 *Vasquez v. Berryhill*, 2017 WL 2633413, at *7 (E.D. Cal. June 19, 2017) (ALJ could not properly
14 reject examining physician's opinion that claimant had moderate limitations by stating that the
15 definition of the term "moderate" was "vague and ambiguous"); *Dean v. Colvin*, 2015 WL 6158874,
16 at *7 (W.D. Wash. Sept. 29, 2015) (ALJ improperly rejected physician's opinion of functional
17 limitations as "mild" and "moderate" on ground that terms were "too vague to be useful"), *report*
18 *and recommendation adopted*, 2015 WL 6158913 (W.D. Wash. Oct. 19, 2015)). And because it is
19 an ALJ's role to translate medical opinions into an RFC formulation "consistent with restrictions
20 identified in the medical testimony," it is inappropriate for an ALJ to find a medical opinion less
21 persuasive because it used a common term like "moderate limitation." *Stubbs-Danielson v. Astrue*,
22 539 F.3d 1169, 1174 (9th Cir. 2008). Thus, Dr. Fahnbulleh's use of the term "moderate" in
23 describing Plaintiff's limitations was not too vague to assess Plaintiff's concrete limitations.

24 The Commissioner points to several cases in which courts have held that a moderate
25 limitation as to maintaining attendance is not inherently inconsistent with an RFC that does not
26 expressly incorporate that limitation. (*See* Doc. 16 at 10.) The logic of that line of cases is that
27 "[w]orking on a 'regular and continuing basis' is not inconsistent with occasional absenteeism, *i.e.*,
28 a "moderate" level of absenteeism that is 'more than slight, but the individual can still function

satisfactorily" and that an "ALJ's failure to modify the 'default' position of any RFC (*i.e.*, the RFC states the most a claimant can do 'on a regular and continuing basis') did not constitute a 'rejection' [of a medical opinion assessing moderate limitations as to maintaining attendance]." *Fergerson v. Berryhill*, No. 5:17-CV-00161-KES, 2017 WL 5054690, at *4 (C.D. Cal. Nov. 1, 2017). Those cases are distinguishable.

The logic of *Ferguson* and similar cases is that an ALJ's failure to modify the default position of an RFC is not necessarily a rejection of a medical opinion finding moderate limitations to maintaining attendance; therefore, a lack of explanation as to why an ALJ rejected such a limitation would not be necessary. But here, the Court is considering whether the ALJ could *reject* Dr. Fahnbulleh's opinion based on reasoning that the opinion was stated in terms that are "not vocationally relevant."

The Court next turns to the ALJ's reasoning that "the greater record, including the claimant's borderline intellectual functioning is more consistent with a limitation to unskilled work." (AR 35.) The Court finds the statement as to the relative consistency of Dr. Fahnbulleh's opinion with the overall record irrelevant to an evaluation of the persuasiveness of the specific components of Dr. Fahnbulleh's opinion at issue here. There is nothing inherently inconsistent between a finding of borderline intellectual functioning and Dr. Fahnbulleh's opinion that Plaintiff has moderate limitations as to maintaining attendance and completing a normal workday and workweek. Nor would a limitation to unskilled work account for Dr. Fahnbulleh's opinions as to attendance and completion of a normal workday and workweek. *See Raymond v. Berryhill*, No. 17-CV-01112, 2018 WL 3691842, at *6 (C.D. Cal. Aug. 2, 2018) (explaining that, while a restriction to unskilled work "may encompass . . . moderate limitations in concentration, persistence, and pace," it "does not sufficiently account for . . . moderate limitations in performing routine work duties and maintaining consistent attendance in the workplace"). And, indeed, the agency's own internal Program Operation Manual System ("POMS"), provide that the ability to "maintain regular attendance and be punctual within customary tolerances" and the ability to "sustain an ordinary routine without special supervision" are all "critical" for performing unskilled work. *See* POMS DI 25020.010(B)(3)(e), (f), (k).

In sum, the Court finds that the ALJ's failure to explain its evaluation of the persuasiveness of Dr. Fahnbulleh's opinion that Plaintiff has moderate limitations in maintaining attendance and completing a normal workday and workweek to a degree that would allow this Court to engage in meaningful review was error. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (a court "cannot substitute [its] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). Accordingly, on remand, the ALJ shall re-evaluate Dr. Fahnbulleh's opinion and more thoroughly explain the reasons for partially rejecting Dr. Fahnbulleh's opinion, if such a conclusion is warranted.

**A.      The ALJ's Error was not harmless.**

The Court must now consider whether the ALJ's error was harmless. *Molina*, 674 F.3d at 1115. Courts look to the record as a whole to determine whether the error alters the outcome of the case. *Id.*; *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015). An error is harmless "where it is inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (citations omitted) (first quoting *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998), and then quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)).

The Court cannot conclude that the error is harmless as it is not clear whether inclusion of this moderate limitation as opined by Dr. Fahnbulleh would have eliminated available jobs. Moderate limitations are not *per se* disabling, but they may translate into more concrete work restrictions. *See Macquarrie*, 2023 WL 8242069, at *7. For example, the VE testified that if an individual would be absent from work two days a month, there would not be any work available in the national economy that Plaintiff could perform. (AR 130 (VE testifying that absence from work for two or more days per month "would preclude all competitive work at all exertional levels" and that "[n]o more than one day per month would be allowable for employees").)

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be

resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, the Court finds that remand for further proceedings is warranted. *See Osborne v. Commissioner of Soc. Sec*., No. 1:22-CV-01538-EPG, 2024 WL 1312202, at *5 (E.D. Cal. Mar. 27, 2024) (remanding for further proceedings where the ALJ relied on their own judgment in assessing the RFC without the support of any medical opinion evidence). On remand, the Commissioner shall further develop the record, as outlined above, to allow for proper consideration of the medical evidence related to the time period at issue.

## V.     CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is therefore VACATED, and the case is REMANDED to the ALJ for further proceedings consistent with this Order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Lacarra N. Myles and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **October 20, 2025**                    /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE